# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CALVIN LEE ROBINSON** as Administrator of **THE ESTATE OF CALVIN LEE ROBINSON, Jr.**, <br><br> Plaintiff, <br><br> v. <br><br> **CITY OF HUEYTOWN**, a municipal corporation; **CHUCK HAGLER**; **L.B. RANKIN**; **TODD EASTERWOOD**, <br><br> Defendants. | Case No.: 2:14-CV-1886-MHH |

## MEMORANDUM OPINION

This case is before the Court on a motion to dismiss. Plaintiff Calvin Lee Robinson lost his son, Calvin Lee Robinson, Jr., when two police officers opened fire on a vehicle in which Calvin Jr. was riding. A bullet struck and killed Calvin Jr. Mr. Robinson brings this lawsuit as administrator of his son's estate. Mr. Robinson has named as defendants the City of Hueytown, the city's Chief of Police, and the two police officers who fired their weapons. The defendants ask the Court to dismiss the claims in Mr. Robinson's amended complaint. (Docs. 8, 10). For the reasons discussed below, the Court grants part of the motion and denies the balance of the motion.

I.     **Factual & Procedural Background**

Police officers Rankin and Easterwood shot and killed Calvin Lee Robinson, Jr. on August 22, 2012. (Doc. 8, pp. 1, 3). The officers were trying to arrest the driver of the car in which Calvin Jr. was riding. The arrest was related to a drug deal with an undercover officer. During the arrest, the driver "attempted to move his car." (Doc. 8, ¶¶ 13, 14). Officers "Rankin and Easterwood fired several shots into the vehicle, at least one of which struck [Calvin] Jr. in his right side. . . ." (Doc. 8, ¶ 15). The bullet travelled through Calvin Jr.'s lungs and ruptured his arteries. (Doc. 8, ¶ 15). According to the plaintiff, at the time of the incident, "Hueytown had a custom or policy that allowed police officers to use deadly force when neither [they] nor others were under a threat of serious physical harm." (Doc. 8, ¶ 16).

The amended complaint contains three counts: (1) a § 1983 claim for excessive force against Officers Rankin and Easterwood;[1] (2) a § 1983 claim for supervisory liability against the City of Hueytown and Chief of Police Hagler; and (3) a wrongful death claim under Alabama Code § 6-5-410 against all defendants. (Doc. 8, pp. 3, 4, 6). The defendants filed a motion to dismiss the amended complaint. (Doc. 10). The parties have briefed the motion, and the Court has held

---

[1] Initially, the plaintiff also asserted an excessive force claim against the City of Hueytown, but the plaintiff has since conceded that this claim is not properly asserted against the City. (*See* Doc. 14, p. 2) ("Count One asserts claims against Easterwood and Rankin[]."). The Court will dismiss the plaintiff's § 1983 excessive force claim against the City.

a hearing on the motion. (Doc. 11). On this record, the Court considers the defendants' motion to dismiss.

## II.     Standard of Review

Rule 8(a)(2) of the Federal Rules of Civil Procedure states that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To meet the requirements of Rule 8(a)(2) and survive a motion to dismiss, "a complaint must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Adinolfe v. United Tech. Corp.*, 768 F.3d 1161, 1169 (11th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "Specific facts are not necessary; the statement needs only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

"Thus, the pleading standard set forth in Federal Rule of Civil Procedure 8 evaluates the plausibility of the facts alleged, and the notice stemming from a complaint's allegations." *Keene v. Prine*, 477 Fed. Appx. 575, 583 (11th Cir. 2012). "Where those two requirements are met . . . the form of the complaint is not significant if it alleges facts upon which relief can be granted, even if it fails to

3

categorize correctly the legal theory giving rise to the claim." *Id.* When deciding a motion to dismiss, the Court must assume the truth of the factual allegations in the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. Discussion

### A. Fourteenth Amendment Claims in Counts I and II

In Counts I and II of Amended Complaint, Mr. Robinson asserts § 1983 claims against Officers Rankin and Easterwood, Chief Hagler, and the City based in part on Mr. Robinson's allegations that that the defendants deprived Calvin Jr. of rights guaranteed by the Fourth and Fourteenth Amendments without due process of law. (Doc. 8, ¶¶ 18, 24). Courts analyze pre-arrest excessive force claims under the Fourth Amendment, which is applied to the states and local governments through the Fourteenth Amendment. *See, e.g., West v. Davis*, 767 F.3d 1063, 1066 (11th Cir. 2014) (citations omitted). Thus, the Court must analyze Mr. Robinson's § 1983 claims under the Fourth's Amendment's reasonableness standard, rather than under the Fourteenth Amendment's substantive due process approach. *Graham v. Connor*, 490 U.S. 386, 395 (1989). Accordingly, to the extent that Mr. Robinson asserts § 1983 claims under the Fourteenth Amendment's due process standard, those claims are due to be dismissed. *See McCall v. Williams*, 2010 WL 3324407, *2 (M.D. Ala. Aug. 20, 2010) (dismissing a plaintiff's Fourteenth Amendment claim because pre-arrest excessive force claims

are analyzed exclusively under the Fourth Amendment). To the extent that Mr. Robinson asserts the §1983 claims under the Fourth Amendment, those claims are not affected by this ruling.

### B. § 1983 Excessive Force Claim Against Officers Rankin and Easterwood

Officers Rankin and Easterwood claim that they are entitled to qualified immunity from Mr. Robinson's § 1983 claim. (Doc. 10-1, p. 6). "Qualified immunity offers complete protection for government officials sued in their individual capacities when acting within their discretionary authority if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Mann v. Taser Intern., Inc.*, 588 F.3d 1291, 1305 (11th Cir. 2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). If an officer demonstrates that he was acting within his discretionary authority at the time of the alleged violation, to overcome the officer's qualified immunity defense, the plaintiff must show that the officer violated a clearly established constitutional right. *Floyd v. Corder*, 426 Fed. Appx. 790, 791 (11th Cir. 2011) (citing *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004)).

"[D]ecisions of the United States Supreme Court, the United States Court of Appeals for the Eleventh Circuit, and the highest court of the pertinent state . . . can clearly establish the law." *McClish v. Nugent*, 483 F.3d 1231, 1237 (11th Cir.

2007) (citing *Marsh v. Butler Cnty.*, 268 F.3d 1014, 1032 n.10 (11th Cir. 2001) (en banc)). Absent case law clearly establishing a constitutional violation, a plaintiff must allege facts demonstrating that the defendant official's conduct "lies so obviously at the very core of what the Fourth Amendment prohibits that the unlawfulness of the conduct was readily apparent to the official, notwithstanding the lack of case law." *Lee v. Ferraro*, 284 F.3d 1188, 1198 (11th Cir. 2002); *see also Trammell v. Thomason*, 335 Fed. Appx. 835, 842 (11th Cir. 2009) (quoting *Priester v. City of Riviera Beach, Fla.*, 208 F.3d 919, 926 (11th Cir. 2000)).

"Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to [a]ffect it." *Lee*, 284 F.3d at 1197 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989) (internal quotations omitted)). To decide "whether the degree of force used to effect a particular seizure is 'reasonable' under the Fourth Amendment," the Court must consider "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether the suspect is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. The Court also examines "'(1) the need for the application of force, (2) the relationship between the need and amount of force used, and (3) the extent of the injury inflicted.'" *Draper v. Reynolds*, 369 F.3d 1270, 1277–78 (11th Cir. 2004) (quoting

*Lee*, 284 F.3d at 1197)). The excessive force inquiry is "necessarily fact specific." *McCullough v. Antolini*, 559 F.3d 1201, 1206 (11th Cir. 2009). An officer is entitled to qualified immunity against an excessive force claim if "an objectively reasonable officer in the same situation could have believed that the force used was not excessive." *Brown v. City of Huntsville, Ala.*, 608 F.3d 724, 733 (11th Cir. 2010) (quoting *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002)).

The Court denies the officers' motion to dismiss on the basis of qualified immunity because, at this stage of the litigation, the officers cannot demonstrate on the record before the Court that they used only a level of force that was reasonable under the circumstances. Assuming the truth of the allegations in the amended complaint and viewing the factual allegations in the light most favorable to Mr. Robinson, during an arrest, the officers shot into a car after the driver "attempted to move [the] car," killing Mr. Robinson's son who was a passenger in the car. (Doc. 8, ¶14). This is not a case in which the facts in the amended complaint suggest that Mr. Robinson's son or the driver of the car were attempting to flee the scene in a manner that might endanger the public or the officers. *See, e.g.*, *Long v. Slaton*, 508 F.3d 576, 584 (11th Cir. 2007) (holding officer was entitled to qualified immunity when he shot into his own police cruiser, killing a mentally unstable man attempting to flee in the police cruiser); *Cooper v. Rutherford*, 503 Fed. Appx. 672, 676 (11th Cir. 2012) (holding that no clearly established law would put an officer

on notice that firing shots into a car driven by an armed, fleeing bank robber was unconstitutional). Therefore, the allegations of the complaint, if proven, describe a relationship between the need for the use of force and the actual force used—overwhelming and, ultimately, lethal—that appears disproportionate. *See Draper*, 369 F.3d at 1277–78.

"The border between permissible and excessive force is marked by a fact-intensive test conducted case-by-case." *Vinyard*, 311 F.3d at 1349 n.14. After discovery, there may be additional facts that the Court may consider when evaluating the officers' qualified immunity defense, but for now, the Court is limited to the four corners of the amended complaint.

The defendants also urge the Court to dismiss Mr. Robinson's claims because Mr. Robinson cannot identify which officer fired the fatal shot that killed Mr. Robinson's son. (Doc. 10-1, p. 6). This argument is unpersuasive at this stage. Discovery may reveal which officer's shot ultimately killed Mr. Robinson's son, but Mr. Robinson need not answer that question now to properly state an excessive force claim against the officers.

### C. § 1983 Supervisory Liability Claim Against the City of Hueytown and Chief of Police Hagler

Neither a municipality nor its officers may incur § 1983 liability under a theory of respondeat superior. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978); *Barr v. Gee*, 437 Fed. Appx. 865, 874 (11th Cir. 2011) (citing *McDowell v.*

*Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004)). The City is not responsible for isolated incidents of constitutional violations by subordinates. *McDowell*, 392 F.3d at 1290–91. "It is only when the execution of the government's policy or custom infl[i]cts the injury that the municipality may be held liable." *Barr*, 437 Fed. Appx. at 874 (internal quotations and citations omitted). A single, isolated incident is generally not sufficient to show the existent of a government's policy or custom. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985).

"Municipal policy or custom may include a failure to provide adequate training if the deficiency evidences a deliberate indifference to the rights of its inhabitants." *Lewis v. City of W. Palm Beach, Fla.*, 561 F.3d 1288, 1293 (11th Cir. 2009) (internal quotation omitted). To establish deliberate indifference, the "plaintiff must present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." *Barr*, 437 Fed. Appx. at 874 (quoting *Lewis*, 561 F.3d at 1293). The municipality is on notice if either "(1) the municipality is aware that a pattern of constitutional violations exists, and nevertheless fails to provide adequate training, or (2) the likelihood for a constitutional violation is so high that the need for training would be obvious." *Barr*, 437 Fed. Appx. at 874 (citing *Lewis*, 561 F.3d at 1293).

9

Mr. Robinson pled in his amended complaint that the defendants were "deliberately indifferent to [his son's] rights and needs in that: (I) [the defendants] failed to adequately train and supervise [Officers] Rankin and Easterwood . . . ." (Doc. 8, ¶ 23). In the amended complaint, Mr. Robinson also asserts that Chief Hagler and the City "had actual or constructive knowledge that [Officers] Rankin and Easterwood were engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury" and that "there was a causal link between the supervisors' inaction and Robinson Jr.'s constitutional injury." (Doc. 8, ¶ 23(b)).

Mr. Robinson has not alleged a pattern of excessive use of force by the City's police nor any other facts that would put the City and Chief Hagler on notice of a need to intervene. Additionally, Mr. Robinson's allegation that the City and Chief Hagler had "actual or constructive knowledge that [Officers] Ranking and Easterwood were engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury" is not sufficient to show deliberate indifference. *See Franklin v. Curry*, 738 F.3d 1246, 1250 (11th Cir. 2013) (holding that deliberate indifference requires that the defendants had subjective knowledge of a risk of serious harm) (citation omitted). Accordingly, Mr. Robinson has not alleged sufficient facts to plead his § 1983 training and supervision claim against the City and Officer Hagler. The Court directs Mr. Robinson to either amend his supervisory liability claim to allege more than conclusory statements to support his

§ 1983 training and supervision claim against the City and Officer Hagler or abandon the claim.[2]

### D.  Damages for Counts I and II

The defendants argue that Mr. Robinson is not entitled to punitive damages against the City of Hueytown for the supervisory liability claim (Doc. 10-1, p. 10) and that Mr. Robinson is not entitled to compensatory damages for any of his § 1983 claims.  (Doc. 20-1, p. 11).  Mr. Robinson has abandoned his claims for punitive damages against the City, and that claim is due to be dismissed.  (Doc. 14, p. 4, n.1).  For the reasons discussed below, the Court rejects the defendants' argument that Mr. Robinson cannot seek compensatory damages under his § 1983 claims.

Under 42 U.S.C. § 1988,  the law of the state where a plaintiff brings a civil rights action applies when federal law is deficient, if the state law is not inconsistent with federal law.  42 U.S.C. § 1988(a).  "Section 1983 has no provision for the survival of actions for constitutional violations that result in the death of the victim," and therefore state law on damages usually applies to § 1983 claims.  *See, e.g.*, *Weeks v. Benton*, 649 F. Supp. 1297, 1303 (S.D. Ala. 1986).  The

---

[2] Mr. Robinson does not include in his Amended Complaint allegations regarding the hiring of Officers Rankin and Easterwood.  (*See* Doc. 8).  Accordingly, the Court will dismiss Mr. Robinson's § 1983 supervisory liability claim to the extent that the claim is based on the hiring of Officers Rankin and Easterwood.  This ruling does not affect the § 1983 supervisory liability claim asserted in Count II to the extent the claim is based on the City's and Chief Hagler's training and supervision of Officers Rankin and Easterwood.

Supreme Court of Alabama has held that Alabama's law on damages and survival actions prevents a decedent's estate from recovering compensatory damages under § 1983 because it precludes survival claims for compensatory damages. *Carter v. City of Birmingham*, 444 So. 2d 373, 375 (Ala. 1983). Some federal district courts in Alabama have used the same reasoning to preclude survival actions for compensatory damages under § 1983. *See, e.g.*, *Brown v. Morgan Cnty. Ala.*, 518 F. Supp. 661, 665 (N.D. Ala. 1981) ("[T]he court finds that federal law is deficient with respect to survival, that the Alabama wrongful death act may be adopted by reference through § 1983, that the policies of the federal civil rights statutes and the Alabama wrongful death act are not inconsistent, and that the Alabama act should be adopted in toto.").

Other courts have held that the Alabama wrongful death statute is inconsistent with the purposes of § 1983, and while the Eleventh Circuit has not addressed the matter directly, it has cited favorably the decisions of the district courts that have allowed survival actions under § 1983 seeking compensatory damages. As Mr. Robinson correctly points out in his brief, *Weeks v. Benton*, 649 F. Supp. 1297 (S.D. Ala. 1986), explicitly disagreed with the Supreme Court of Alabama's rationale from *Carter*:

> This Court therefore holds that, in actions under § 1983, where the liability of a municipality, county, or other local governmental entity is at issue, and where the alleged unconstitutional acts result in the death of the victim, the Alabama wrongful death act should be applied

12

> only to the extent that the decedent's action is permitted to survive. The wrongful death statute should not be held to foreclose the recovery of compensatory damages against the governmental entity in question, for such a result would be inconsistent with the policies underlying § 1983.

*Weeks*, 649 F. Supp. at 1309.  The Eleventh Circuit, though not directly confronted with the issue of whether Alabama law was inconsistent with § 1983, cited the *Weeks* holding favorably in *Gilmere v. City of Atlanta, Ga.*, 864 F.2d 734 (11th Cir. 1989), noting that:

> [t]he Alabama wrongful death statute . . . provides only for assessment of punitive damages. . . .  Because the statute is inconsistent with the rule that damages in § 1983 actions are to be compensatory, reliance on the Alabama wrongful death statute would not be proper under § 1988.

*Gilmere*, 864 F.2d at 740 n.7 (citing *Weeks*, 649 F. Supp. at 1297).

More recently, the district court for the Middle District of Alabama reached the same conclusion, adhering to the Eleventh Circuit's dicta in *Gilmere*.  *Lewis v. City of Montgomery*, N. 2:04-CV-858-WKW, 2006 WL 1761673, at *4 (M.D. Ala. June 27, 2006) ("The *Gilmere* and *Weeks* decisions are persuasive and are due to be followed.  Therefore, [the plaintiff's] § 1983 claims for compensatory damages against the City are to remain.") (internal citations omitted).  The Court finds the reasoning of *Lewis* persuasive.  Therefore, Mr. Robinson's claim for compensatory damages will proceed.

### E. Wrongful Death Under Alabama Code § 6-5-410 Against Officers Easterwood and Rankin

In his amended complaint, Mr. Robinson asserts a wrongful death claim under Alabama law against all defendants based in part on his allegations that the defendants "wrongfully caused the death of [Calvin] Jr. by […] shooting [him] when no one was threatened with serious physical harm, and could not have been reasonably perceived to be in imminent danger; and/or [] negligently [shooting] and kill[ing] [Calvin] Jr." (Doc. 8, ¶ 27(c) and (d)). In response to the defendants' motion to dismiss, Mr. Robinson clarified his wrongful death claim, stating that it is "based only upon the reckless and intentional acts of [Officers] Easterwood and Rankin[]." (Doc. 14, p. 5). Thus, Mr. Robinson concedes that he does not have a wrongful death claim against the City, Chief Hagler, or the fictitious defendants, and his wrongful death claim against those defendants is due to be dismissed.[3] The same is not true for Mr. Robinson's wrongful death claim against Officers Rankin and Easterwood.

Officers Rankin and Easterwood argue that Mr. Robinson's wrongful death claim against them fails because they are entitled to discretionary function

---

[3] Mr. Robinson's wrongful death claim against Fictitious Defendants A – E also fails because "[a]s a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (citing *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997). Defendants argue that the state law claims against the City must be dismissed because Mr. Robinson failed to join potentially liable parties as defendants. (Doc. 10-1, p. 15). The defendants' argument is moot because Mr. Robinson has conceded that he cannot maintain his wrongful death claim against the City. (Doc. 14, pp. 4-5).

14

immunity.  (Doc. 10-1, pp. 14-15; Doc. 15, pp. 9-11).  Alabama law provides police officers with immunity "from civil liability for conduct performed in 'any discretionary function within the line and scope of his or her law enforcement duties.'"  *Exford v. City of Montgomery*, 887 F.Supp.2d 1210 (M.D. Ala. 2012) (quoting Ala. Code § 6-5-338(a)).  An officer's discretionary functions include arrests and attempted arrests.  *Id.* (quoting *Telfare v. City of Huntsville*, 841 So.2d 1222, 1228 (Ala. 2002)).  As a result, Officers Rankin and Easterwood are immune from Mr. Robinson's wrongful death claim to the extent the claim is based on negligence.[4]  *Fowler v. Meeks*, 569 Fed. Appx. 705, 708 (11th Cir. 2014) ("[P]olice officers . . . are generally immune from claims of negligence.") (citing Ala. Code § 6-5-338).

Discretionary function immunity does not apply, however, if the officers acted willfully, maliciously, or in bad faith.  *City of Birmingham v. Sutherland*, 834 So. 2d 755, 759 (Ala. 2002).  Additionally, discretionary immunity does not apply if the officers used an unreasonable amount of force in attempting to arrest Calvin Jr.  *Mann v. Darden*, 630 F.Supp.2d 1305, 1318 (M.D. Ala.) ("[U]sing an unreasonable amount of force is not within the discretion of an officer.") (citing *Franklin v. City of Huntsville*, 670 So. 2d 848, 852 (Ala. 1995)).

---

[4] Mr. Robinson has conceded that his wrongful death claim cannot be based on the negligent acts of Officers Rankin and Easterwood.  (*See* Doc. 14, p. 5).

Officers Rankin and Easterwood argue that Mr. Robinson's wrongful death claim against them must fail because "[t]he only type of conduct specifically alleged in Count Three is that the Defendants acted 'negligently'" and because reckless and intentional acts are not sufficient to defeat the officers' discretionary function immunity. (Doc. 10-1, p. 15; Doc. 15, pp. 10-11). The argument is not persuasive. Mr. Robinson alleges that the officers shot Calvin Jr. "when no one was threatened with serious physical harm, and could not have been reasonably perceived to be in imminent danger." That allegation is sufficient to plausibly show that the officers used an unreasonable amount of force and acted willfully or maliciously. (*See* Doc. 8, ¶ 27(c)). Nothing more is required at this stage in this case. Therefore, Mr. Robinson's wrongful death claim against Officers Rankin and Easterwood in their individual capacity may proceed.[5]

### F. Official Capacity Claims Against Individual Defendants

Mr. Robinson asserts claims against Officers Rankin and Easterwood and Chief Hagler both individually and in their official capacity. (Doc. 8, ¶¶ 3, 4, 5). Claims asserted against these defendants in their official capacity are functionally equivalent to claims asserted against the City, and they are just "another way of pleading an action against the [City]." *Brandon v. Holt*, 469 U.S. 464, n. 21

---

[5] Mr. Robinson's § 1983 compensatory damages claim and his wrongful death claim under Alabama law against Officers Easterwood and Rankin may prove to be inconsistent as a matter of law, such that Mr. Robinson may have to opt to pursue one or the other. The parties have not briefed the issue, so the Court leaves it for another day.

(1985); *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (citations omitted). Because claims asserted against individual officers in their official capacity impose liability on the city they represent, it is redundant to assert claims against officers in their official capacity along with claims against the city they represent. *See Busby*, at 776; *Stallworth v. Bibb Cnty., Ala.*, 2014 WL 3540521, *2 (N.D. Ala. July 16, 2014) (citation omitted). As a result, the Court will dismiss the claims asserted against Officers Rankin and Easterwood and Chief Hagler in the officers' official capacities. *See Stallworth*, at *2; *Holley v. City of Roanoke, Ala.*, 162 F.Supp.2d 1335, 1341 n.2, M.D. Ala. 2001) (dismissing §1983 claims against individual defendants in their official capacity when the plaintiff also sued the city the individuals represented).

**IV.   Conclusion**

For the reasons discussed above, the Court **GRANTS IN PART** and **DENIES IN PART** the defendants' motion to dismiss. The Court **DISMISSES WITH PREJUDICE** the following claims:

(1)   The Fourteenth Amendment claims asserted in Counts I and II;

(2)   The § 1983 excessive force claim asserted against the City of Hueytown in Count I;

(3)   The claim for punitive damages asserted against the City of Hueytown in Count II;

(4) The § 1983 supervisory liability claim asserted against the City of Hueytown and Chief Hagler in Count II based on the hiring of Officers Rankin and Easterwood;

(5) The wrongful death claims asserted against the City of Hueytown, Chief Hagler, and Fictitious Defendants A – E in Count III; and

(6) The claims asserted against Officers Rankin and Easterwood and Chief Hagler in their official capacity.

Mr. Robinson is **ORDERED** to amend his first amended complaint within fourteen days to add factual allegations to support his § 1983 training and supervision claim against the City of Hueytown and Officer Hagler in Count II. If he does not do so, the Court will deem the claim abandoned. Mr. Robinson's remaining claims may proceed forward. The Court asks the Clerk to please **TERM** Doc. 10.

**DONE** and **ORDERED** this September 30, 2015.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE